UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JON B. VICKERS,

    Plaintiff,

v.                                                                                  CASE No. 8:10-CV-662-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

# ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-eight years old at the time of the administrative hearing and who has at least a high school education, has worked as a mechanic and welder (Tr. 20, 22, 26). He filed a claim for

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

supplemental security income payments, alleging that he became disabled due to back problems with discs (Tr. 133). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "congenitally narrow canal and superimposed degenerative disc disease with stenosis of the lumbar spine, and hypertension" (Tr. 12). The law judge concluded that these impairments restricted the plaintiff to light work with the additional limitations of only occasional stooping and climbing of ladders, ropes, or scaffolds (id.). Additionally, he stated that the plaintiff had to avoid climbing at unprotected heights and being around "extremely vibrating machinery" (id.). The law judge determined that these restrictions prevented the plaintiff from returning to past work (Tr. 15). However, based on the testimony of a vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as cleaner/housekeeper, electrical/ electro assembler/sub-assembler, and hand packer/packager (Tr. 16).

Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's only issue states, "THE ALJ MISAPPLIED THE ELEVENTH CIRCUIT'S 'PAIN STANDARD' BY APPLYING THE STANDARD TO THE SEVERITY OF THE CLAIMANT'S ALLEGED LIMITATIONS RATHER THAN TO THE SEVERITY OF THE CLAIMANT'S ALLEGED PAIN" (Doc. 15, p. 7). Although the plaintiff's argument on this issue is not entirely clear, in all events the contention lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that

the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility determination, and referred to the pertinent regulation and Social Security rulings (Tr. 12). In fact, he set forth the governing principles (id.). Thus, he stated (Tr. 12-13):

> In considering the claimant's symptoms, the undersigned must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s) – i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques – that could reasonably be expected to produce the claimant's pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has

> been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility of the statements based on a consideration of the entire case record.

This demonstrates that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, the plaintiff acknowledges that the law judge "accurately referenced the Eleventh Circuit's 'pain standard'" (Doc. 15, p. 8).

The plaintiff argues, however, that the law judge misapplied the pain standard (id.). Clearly, there was no misapplication of the pain standard. The law judge at the first step of the analysis found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Tr. 13). He then concluded at the next step that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" of a range of light

work (Tr. 13-14). Thus, the law judge followed the proper approach in applying the pain standard.

The plaintiff predicates his assertion that the law judge misapplied the pain standard on a statement in the decision that "there is no objective evidence such as nerve root compression or even a herniated nucleus pulpous that could cause the level of pain and **limitations** the claimant alleges" (Doc. 15, p. 8)(emphasis in original). That statement, however, was preceded by the word "Additionally" (Tr. 15). Thus, in context, the statement challenged by the plaintiff was simply one circumstance the law judge noted in concluding that the plaintiff did not suffer from disabling pain. There is nothing in that statement, or in the rest of the decision, indicating that the law judge was requiring evidence of a pinched nerve or a herniated disc in order to find credible the plaintiff's allegations of disabling back pain. Rather, the statement merely notes the absence of certain medical findings that, if present, would significantly support the plaintiff's claim of disabling pain.

Similarly, to the extent the plaintiff is suggesting that the law judge required objective medical findings in assessing the credibility of the plaintiff's subjective complaints of pain, that suggestion is meritless. There is no language in the decision indicating that the subjective complaints were rejected simply because they were not confirmed by objective medical findings. The law judge did consider at the first step of the pain standard whether there were objective medical findings that could reasonably be expected to cause the alleged symptoms. He found that there were and proceeded to evaluate the credibility of those symptoms. In making this evaluation, the law judge did not require objective medical findings. This is shown by the law judge's citation to 20 C.F.R. 416.929 (Tr. 12), a regulation which expressly provides that the claimant's statements about pain will not be rejected "solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. 416.929(c)(2). Of course, objective medical evidence is appropriately considered in evaluating the credibility of a claimant's subjective complaints (id.), and that is all that the law judge did in this case.

It appears that the plaintiff may be arguing, based upon the same sentence, that the law judge was requiring objective medical evidence of functional limitations. There is even less reason to think that in the challenged sentence (or anywhere else in the decision) the law judge was requiring objective medical evidence of functional limitations, as well as complaints of pain. As previously explained with respect to the subjective symptoms of pain, the law judge in the sentence was merely noting the absence of pinched nerves and herniated discs; he was not rejecting the allegations of pain because there was no evidence of such findings. The law judge's reference in the sentence to "limitations" simply reflects that in this case the level of pain is closely related to functional limitations. Thus, if the level of pain is severe, the functional limitations will similarly be great. However, if the level of pain is not severe, the functional limitations will be less. Here, the law judge concluded that the plaintiff's level of pain limited him to a range of light work, but did not render him totally disabled. That conclusion was not based upon any notion that functional limitations must be established by objective medical findings.

For these reasons, the plaintiff's contention that the law judge misapplied the pain standard lacks merit.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 25th day of March, 2011.

                                                   THOMAS G. WILSON
                                                   UNITED STATES MAGISTRATE JUDGE